J-A22027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EFRAIN SANTIAGO, JR., | : | |
| | : | |
| Appellant | : | No. 2031 MDA 2013 |

Appeal from the PCRA Order Entered October 14, 2013,
In the Court of Common Pleas of Lebanon County,
Criminal Division, at No. CP-38-CR-0001783-2011.

BEFORE:  PANELLA, SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED AUGUST 26, 2014**

Appellant, Efrain Santiago, Jr., appeals from the October 14, 2013 order entered by the Court of Common Pleas of Lebanon County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

The PCRA court aptly summarized the factual and procedural history as follows:

> Appellant was criminally charged after members of the Lebanon County Drug Task Force executed a search warrant at 124 South 4th Street, front, Lebanon, Pennsylvania.  Appellant and Carol Agosto-Diaz resided at the address at the time of the search. During the search Detective Adam Saul, Detective Ryan Mong, and Sergeant Brett Hopkins (hereinafter "Officers") located one bag of cocaine approximately 14 ounces and five street delivery sized bags of cocaine within the master bedroom closet. Officers

_____
*Former Justice specially assigned to the Superior Court.

also found many cellular phones, a large amount of US currency, and numerous sandwich baggies with missing corners. Officers also searched the vehicle belonging to Ms. Agosto-Diaz and found a handgun, which Appellant claimed was his. The serial numbers on the handgun had been obliterated or removed.

Appellant was charged with one (1) count of Violation of the Controlled Substance, Drug, Device and Cosmetic Act (F), one (1) count of Person Not to Possess, Use, Manufacture, Control, Sell, or Transfer Firearms (F2), one Count of Possession of Firearm with Altered Manufacturer's Number (F2), two (2) counts of Violation of the Controlled Substance, Drug, Device and Cosmetic Act (M), and five (5) counts of Criminal Conspiracy. Appellant filed an Omnibus Pre-trial suppression motion which was scheduled for a hearing on June 13, 2012. Prior to that hearing, Appellant received an amended plea offer from the Commonwealth. At the hearing on June 13, 2012, Appellant withdrew his pretrial motion and entered a guilty plea to all of the charges. Pursuant to a plea deal, Defendant was sentenced on August 22, 2012 to a total sentence of five (5) to ten (10) years, to be served consecutively to the sentence imposed on action number CP-38-CR-2183-2007. As part of the plea deal, the Commonwealth also agreed to dismiss charges against Ms. Agosto-Diaz.

On June 19, 2013, Appellant filed a timely, pro se petition under the Post Conviction Relief Act ("PCRA"), raising numerous claims for collateral relief predicated on trial counsel's alleged ineffectiveness, claiming a constitutional violation, an unlawfully induced guilty plea, subsequently available exculpatory evidence, and a jurisdictional issue. See 42 Pa.C.S. §§ 9541-9546. Thereafter, Attorney Erin Zimmerer was appointed to represent Appellant in this matter. An Amended PCRA petition was filed by counsel on October 3, 2013, amending his claims for relief to those under ineffective assistance of counsel. A PCRA hearing was held on October 14, 2013 and after hearing testimony from Appellant, Appellant's trial counsel, David Warner, Esquire, and Assistant District Attorney Nichole Eisenhart, Appellant's PCRA Petition was denied. Appellant now files the instant appeal.

PCRA Court Opinion, 1/13/14, at 3–4 (footnote omitted).

Appellant raises the following issues for review:

1. Whether Defendant was denied his constitutionally guaranteed right to effective representation when Plea Counsel unlawfully induced Defendant to plead guilty by advising him he would get consecutive sentences if he did not plead guilty and thus allowing the District Attorney to coerce him?

2. Whether Defendant was denied his constitutionally guaranteed right to effective representation when Plea Counsel unlawfully induced Defendant to withdraw his pre-trial motion by abandoning Defendant by walking out of the room, allowing Defendant to be intimidated by the District Attorney?

3. Whether Defendant was denied his constitutionally guaranteed right to effective representation when Plea Counsel failed to investigate the prosecuting officer in the case against Defendant?

4. Whether Defendant was denied his constitutionally guaranteed right to effective representation where Plea Counsel failed to consult with Defendant regarding an appeal?

Appellant's Brief at 4–5.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the record evidence and are free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). The findings of the PCRA court are accorded deference if supported by the record. *Id*. (citations omitted). Appellant has the burden of persuading this Court that the PCRA court erred and that he is entitled to relief. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

The PCRA provides post-conviction relief for persons serving illegal sentences or who have been wrongfully convicted of a crime. 42 Pa.C.S.A § 9542. To prevail on a petition for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of enumerated circumstances, including ineffectiveness of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii); ***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

To allege a cognizable ineffectiveness claim under the PCRA, Appellant must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*, there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (quoting ***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001) (citations omitted)).

We first consider Appellant's claim that he was denied effective assistance of counsel because he was coerced into pleading guilty. The right to effective counsel extends to the plea process. ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003) (quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002)).

However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." **Commonwealth v. Fears**, 86 A.3d 795, 806–807 (Pa. 2014) (quoting **Commonwealth v. Allen**, 732 A.2d 582, 587 (Pa. 1999)). Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Wah**, 42 A.3d 335, 338–339 (Pa. Super. 2012) (quoting **Allen**, 833 A.2d at 802) (citation omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." **Anderson**, 995 A.2d at 1192 (citations, quotation, and quotation marks omitted).

Appellant testified at his PCRA hearing that he encouraged defense counsel to file a suppression motion challenging the search of his property and his co-defendant's vehicle. On the day scheduled for argument on the motion, however, Appellant was informed by the trial court that he would not be permitted to attack the credibility of the warrant's affiant, Detective Adam Saul. N.T. (Guilty Plea), 6/13/12, at 2–3. The court then granted a recess for Appellant to decide if he wished to continue to litigate his motion. Appellant alleges that counsel represented that the suppression motion had

a low likelihood of success and recommended that Appellant accept the Commonwealth's offer to plead guilty in exchange for a five–to–ten year sentence. N.T. (PCRA Hearing), 10/14/13, at 5, 12, and 6.

After the recess, defense counsel informed the court that Appellant was withdrawing his suppression motion and that they were ready to proceed with the guilty plea colloquy. N.T. (Guilty Plea), 6/13/12, at 5. In response to questioning by the trial court, Appellant acknowledged that he committed the crimes charged, understood the terms of the plea agreement and the questions set forth in the written colloquy, and was satisfied with counsel's representation. *Id*. at 9–11. Based upon these representations, the trial court found that Appellant's decision to plead guilty was "freely, voluntarily and intelligently made, and that [Appellant] had the advice of a competent attorney with whom [he was] satisfied." *Id*. at 11–12. On August 22, 2012, Appellant was sentenced in accordance with the negotiated plea.

On appeal, Appellant avers that although he wished to proceed with his pretrial suppression motion, plea counsel, David Warner, pressured him into accepting the plea agreement. Appellant claims that Warner informed him that if he chose to go to trial and was found guilty, the trial court would likely sentence him to consecutive terms of imprisonment, instead of the concurrent–term sentencing scheme proposed in the plea agreement.

Appellant testified that he felt coerced to accept the plea based on counsel's description of the sentencing possibilities. N.T. (PCRA Hearing), 10/14/13, at 9.

In his PCRA hearing testimony, plea counsel confirmed that he expressed his doubts about the success of the suppression motion, and recommended that Appellant accept the plea due to the risk of receiving consecutive sentences if found guilty at trial. N.T. (PCRA Hearing), 10/14/13, at 20–21. Counsel also related that Appellant's concern about the resolution of his co-defendant's case was an integral part of the plea negotiation. Appellant indicated he would take full responsibility for the crimes if the charges against Carol Agosto-Diaz were dismissed. *Id*. at 22–23. Appellant admitted that the prosecution complied with this aspect of the plea agreement. *Id*. at 12–13. Plea counsel concluded his testimony on this issue with a statement that Appellant did not indicate either to him or to the trial court that he felt coerced or pressured into entering the guilty plea. *Id*. at 24–25.

The PCRA court found that the record did not support Appellant's allegation that he was unlawfully induced into his decision to withdraw his pretrial motion and accept the plea. Specifically, the PCRA court observed:

> We find that Appellant was not unlawfully induced into withdrawing his pretrial motions or pleading guilty. Appellant indicated the drugs and weapon were his and he was able to get the charges against Ms. Agosto-Diaz dropped. He was informed

by another Jurist of this Court that he would not be able to present evidence of wrong-doings by Det. Saul. He was offered a plea agreement that was essentially the mandatory minimum on one of his ten charges. With this information available, Attorney Warner was rational in advising Appellant that accepting the plea was his best option. There is nothing in the record that supports Appellant's allegation he was unlawfully induced into his decision.

PCRA Court Opinion, 1/13/14, at 9.

The PCRA court's findings are supported by the record and Appellant has failed to demonstrate that legal error occurred. A review of the guilty plea colloquy reveals no evidence of pressure or coercion indicating that the plea was either involuntarily or unknowingly entered. Additionally, Appellant responded affirmatively that he understood the terms of the plea and the written colloquy and stated that he was satisfied with plea counsel's representation. N.T. (Guilty Plea), 6/13/12 at 9–11. Appellant is bound by these statements and cannot obtain relief on grounds that contradict these prior assertions. *Commonwealth v. Barndt*, 74 A.3d 185, 201 (Pa. Super. 2013).

Secondly, the PCRA court correctly concluded that Appellant failed to prove that counsel lacked a reasonable basis for his actions. Under the terms of the plea agreement, Appellant was offered the mandatory minimum sentence on one of the ten charges and secured the dismissal of the charges against Ms. Agosto-Diaz. Accordingly, counsel's recommendation that

Appellant accept the plea was within the range of competence expected. Appellant's ineffectiveness allegation, therefore, is unavailing.

Appellant's second argument is that counsel was ineffective because he abandoned Appellant during the plea negotiations, allowing an assistant district attorney to intimidate him into withdrawing his suppression motion and accepting the plea. At the PCRA hearing, Appellant testified that after he and counsel discussed whether to proceed with the suppression motion, counsel went to the back of the court–room and sat with Ryan Mong, one of the detectives involved in the case. Appellant claims that he was then approached by Assistant District Attorney Nichole Eisenhart who discussed the case with him without his attorney present. N.T. (PCRA Hearing), 10/14/13, at 7. Appellant asserted that Eisenhart informed him that if he continued to litigate the suppression motion, the plea agreement would be "off the table" and that she "was seeking my charges to run [consecutively]." *Id*. at 8. Appellant explained that he decided to plead guilty based upon this uncounseled conversation with the prosecution. *Id*.

In his testimony, plea counsel admitted that he did not have a direct recollection of all of his activity during court on June 13, 2013, but stated that it was not his practice to allow his clients to speak with the prosecution out of his presence and that he did not recall doing so on that day. N.T. (PCRA Hearing), 10/14/13, at 21, 28. Counsel, however, did remember a

-9-

joint discussion with Appellant, Eisenhart, and Detective Mong at one point during the plea discussions. *Id*. at 22.

Nichole Eisenhart also testified at the PCRA hearing. She denied speaking with Appellant about the plea without the presence of his attorney and confirmed plea counsel's testimony that she was part of a conversation that included Appellant, Detective Mong, and plea counsel. N.T. (PCRA Hearing), 10/14/13, at 33–34.

The PCRA court discussed the abandonment issue in tandem with Appellant's argument that he was unlawfully induced to plead guilty. The PCRA court did not find Appellant's contention that the assistant district attorney engaged in an uncounseled negotiation with him to be credible. PCRA Court Opinion, 1/13/14/, at 8.

Credibility determinations by post-conviction courts are afforded great deference. *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) (quotation and quotation marks omitted). Absent a "clear abuse of discretion on the part of the PCRA court in making its credibility determination, this Court is bound to accept it." *Commonwealth v. Medina*, 92 A.3d 1210, 1219 (Pa. Super. 2014).

We do not discern any reason to disturb the PCRA court's credibility findings. Plea counsel did not recall leaving Appellant alone and testified generally that he would not permit the prosecution to engage in

conversation with his client outside of his presence. The assistant district attorney definitively recalled that she did not speak to Appellant alone. The PCRA court appropriately credited these witnesses' versions of the plea discussion, and its credibility findings will stand. Thus, Appellant has not proven ineffectiveness concerning his abandonment claim.

The third issue is whether plea counsel was ineffective for failing to investigate the prosecuting officer who procured the search warrant in Appellant's case. Appellant contends that a proper investigation of Detective Adam Saul would have revealed that the officer had been relieved of his duties because of sexual misconduct with a confidential informant in another matter. Appellant argued that this information could have been utilized to attack the detective's credibility at both the suppression hearing and at trial. Appellant's Brief at 18.

The anticipated scope of Detective Saul's testimony was explained to Appellant at the beginning of his pretrial hearing. The trial court informed Appellant that because the officer would be testifying as to facts, and not as an expert witness, Appellant could not challenge his credibility by reference to his character. N.T. (Guilty Plea), 6/13/12, at 2–3. Appellant indicated that he understood the basis of the court's ruling. *Id*. at 5.

The PCRA court concluded that counsel was not ineffective for failing to investigate Detective Saul, offering the following rationale:

In reviewing the record, we find that Appellant accepted the plea deal after being informed, in detail, by the Honorable Samuel A. Kline, a fellow jurist of this Court, that Det. Saul was not going to be called as an expert witness and would be, at best, a fact witness in the case. (N.T. 6/13/12 at 2-5). Former Det. Saul was the affiant in this matter and Appellant had expressed concerns about his credibility. Judge Kline thoroughly explained to Appellant that former Det. Saul would not be an expert witness in the case and information regarding any misconduct by Det. Saul in a different case would not be admissible. Therefore, trial counsel will not be deemed ineffective for failing to pursue this meritless issue.

PCRA Court Opinion, 1/13/14, at 9–10 (footnote omitted).

We perceive no error in the PCRA court's ruling. Appellant had been advised that the trial court would not entertain an attack on Detective Saul's credibility based upon his behavior in another case. Accordingly, the PCRA court's finding that counsel could not be deemed ineffective for failing to pursue this line of questioning is well-supported, and we will not disturb the court's decision on review.

Appellant's final argument is that counsel was ineffective for failing to consult with him regarding filing an appeal. Counsel is deemed *per se* ineffective if he fails to file a direct appeal requested by a defendant. ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa. Super. 2011). In addition, counsel also has a duty to "adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006) (citations omitted). This constitutional duty to consult arises "when counsel has occasion to believe

-12-

either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)).  An appellant may establish a duty to consult by identifying issues that "rise above frivolity" and have potential merit for further review.  *Bath*, 907 A.2d at 623 (citations omitted).

At the PCRA hearing, Appellant testified that, approximately four days after his sentencing proceeding, he sent defense counsel a letter via in-house mail from the Lebanon County Correctional Facility, requesting that counsel file an appeal.  He could not produce a copy of the letter at the hearing, explaining:  "It is somewhere in my legal work in my state jail because when I got packed up — they packed me up so fast that they were rushing me to pack up.  Some of my belongings are in my cell and are being held by block officers."  N.T. (PCRA Hearing), 10/14/13, at 10.   When questioned what he wanted his counsel to appeal, Appellant responded succinctly — "the sentence." *Id*. at 10.

Defense counsel testified he never received a letter from Appellant requesting that he file an appeal, but he had received previous letters that Appellant sent from prison.  N.T. (PCRA Hearing), 10/14/13, at 29.  The only

post-sentencing conversation he recalled was in reference to Appellant's concern that some of his personal property be returned. *Id*. He also represented that if Appellant had requested an appeal he would have complied even though he did not believe that there were any viable appellate issues. *Id*. at 26.

The PCRA court determined that Appellant did not support his allegation that counsel was ineffective for failing to consult with him regarding an appeal. The court found that Appellant could not substantiate his claim that a letter was sent, and without proof that he requested an appeal, counsel could not be deemed ineffective for failing to do so. PCRA Court Opinion, 1/13/14/, at 10. The court, therefore, denied Appellant relief.

Again we conclude that the PCRA court's ruling is supported by the record evidence and is free of legal error. Other than Appellant's unsubstantiated assertion, there is no evidence that he sent a letter requesting that counsel file an appeal on his behalf. Furthermore, Appellant has not argued or presented evidence establishing that a duty to consult arose under the circumstances of this case. Appellant has neither identified a non–frivolous basis for an appeal, claiming only that he wanted to appeal the sentence, nor demonstrated that he informed defense counsel that he was interested in appealing. *Touw*, 781 A.2d at 1254. Additionally, counsel

testified that, in his assessment, there were no meritorious grounds for appeal.

For these reasons, we conclude that Appellant has failed to show entitlement to post-conviction relief based upon ineffectiveness of counsel. Therefore, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014